William R. Satterberg, Jr.
SATTERBERG LAW
709 4th Avenue
Fairbanks, Alaska 99701
Telephone: 907-452-4454
Email: office@satterberg.net
Counsel for Nonparty Tatonduk
Outfitters Limited, d/b/a Everts Air Cargo

**UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TATONDUK OUTFITTERS LIMITED, dba EVERTS AIR CARGO,<br>Nonparty/Petitioner,<br><br>vs.<br><br>ZERO GRAVITY CORPORATION, PLAINTIFF and COMMERCIAL JET SERVICES, LLC, Defendant,<br>Respondents. | Case No. 4:26-mc-00001-HRH |

**NONPARTY TATONDUK OUTFITTERS LIMITED'S MOTION TO QUASH OR MODIFY SUBPOENA**

**IN RE SUBPOENA TO TATONDUK OUTFITTERS LIMITED IN:**

*Zero Gravity Corporation v. Commercial Jet Services, LLC*

**United States District Court for the Middle District of Alabama**

**Case No. 1:25-cv-00682-RAH-JTA**

Nonparty Tatonduk Outfitters Limited, dba Everts Air Cargo ("Tatonduk") moves under Federal Rule of Civil Procedure 45(d)(3) to modify the subpoena issued in *Zero Gravity Corporation v. Commercial Jet Services, LLC*, Case No. 1:25-cv-00682-RAH-JTA, in the United States District Court for the Middle District of Alabama. Tatonduk asks the Court to prevent duplicative production of aircraft records already shipped to Zero Gravity Corporation ("Zero-G"), to limit requests for publicly available Federal Aviation Administration ("FAA") materials, and to narrow the subpoena's broad historical and

communications requests. Tatonduk does not seek to withhold relevant, nonduplicative documents located after a reasonable search.

## I. PLACE OF COMPLIANCE

The subpoena was issued in the Middle District of Alabama. It designates Anchorage, Alaska, as the physical place of production and permits Tatonduk, at its option, to produce electronically to counsel. Tatonduk accepts Anchorage as the place of compliance and brings this motion in the United States District Court for the District of Alaska, the court for the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3). The underlying action remains pending in the Middle District of Alabama. If appropriate, Tatonduk requests that this Court consider transfer to the issuing court under Rule 45(f).

## II. FACTUAL BACKGROUND

The subpoena requests thirty-eight (38) categories of documents concerning aircraft N794AJ. Some requests extend to the aircraft's entire service life. Request No. 37 and 38 seek all communications between Tatonduk and Zero-G, and between Tatonduk and Commercial Jet Services, LLC ("Commercial Jet"), relating to the aircraft.

Tatonduk is a nonparty to the Alabama action, although Tatonduk is separately litigating with Zero-G in Alaska for an unrelated matter involving Zero-G's breach of a settlement agreement. Tatonduk's operations for Zero-G ended on or about June 30, 2025. Tatonduk's maintenance and operations records are maintained through extensive company processes; data mining through the Everts Air Cargo electronic maintenance and operations programs would take countless man hours, and a vast inter-departmental effort resulting in

significant cost and loss of resources to the company. A broad historical search and review would impose substantial burden and expense on Tatonduk.

In September 2026, at Zero-G's request, Tatonduk arranged shipment of the aircraft's logs and maintenance records to the requested address in Alabama. Subsequently, Zero-G had those same records transported to a digitization facility in Washington State. On September 29, after Tatonduk asked whether the records had arrived, Zero-G's CEO, Kevin Sproge, replied: "The files were all received by the digitization facility in Spokane. Thank you for the help getting them shipped." A copy of the email chain discussing the documentation shipment is attached as **Exhibit A**.

Tatonduk's Director of Maintenance, Eric Jameson, reports that the aircraft-record shipment included materials responsive to nearly all of the subpoena's maintenance-record requests. Mr. Jameson's request-by-request summary is attached as **Exhibit B**. Tatonduk will not characterize a request as fully satisfied by the shipment unless the shipment records or a reasonable review support that conclusion.

Mr. Jameson also reports that information responsive to Requests No. 1 and 2, including type-certificate (TCDS) and supplemental-type-certificate (STC) materials, is available through FAA sources. As to the Mr. Jameson's reference to a "black box," (Request No. 3), Mr. Jameson reports that he meant the document box located in the aircraft cockpit, not a flight-data recorder. Tatonduk will determine whether responsive documents from that box remain in its possession, custody, or control.

Mr. Jameson's request-by-request summary identifies which categories Tatonduk understands were included in the shipment and which involve FAA sources, the aircraft document box, 24 Jets, or the publications provider. Tatonduk acknowledges that Exhibit B does not represent that every responsive item was shipped. Tatonduk is verifying the specific contents of the shipment and any remaining responsive materials within its possession, custody, or control.

## III. ARGUMENT

Rule 26 limits discovery to nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. The Court must limit discovery that is unreasonably cumulative or duplicative, or available from a more convenient, less burdensome, or less expensive source. Fed. R. Civ. P. 26(b)(1), (b)(2)(C). Rule 45 requires the issuing party and attorney to take reasonable steps to avoid imposing undue burden or expense on the subpoena recipient. The Court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iv).

The subpoena's broad historical scope and unrestricted communications requests would require a burdensome search by a nonparty, even though Zero-G has confirmed that the aircraft-record shipment arrived at its designated digitization facility. The subpoena does not identify particular records from that shipment that are missing. Requiring Tatonduk to reproduce records already delivered, or to search for publicly available FAA material, would be duplicative or unnecessarily burdensome.

Accordingly, Tatonduk does not contend that every pre-induction record is irrelevant. Rather, Tatonduk proposes that any additional search be limited to relevant, nonduplicative materials concerning the aircraft's condition before C-check induction, the C-check, the alleged damage, and related repair or damages issues. That scope preserves access to potentially relevant evidence while avoiding an unrestricted historical search.

## IV. RELIEF REQUESTED

In conclusion Tatonduk asks the Court to modify the subpoena as follows:

1. **Previously shipped records:** Tatonduk should not be required to reproduce records included in the September 2026 shipment unless the requesting parties identify specific records they contend are missing.

2. **Requests 1 and 2:** Production should be limited to responsive materials not reasonably available from FAA sources.

3. **Other aircraft-record requests:** Tatonduk should produce only relevant, nonduplicative materials not included in the shipment and located within Tatonduk's possession, custody, or control after a reasonable search.

4. **Requests 37 and 38:** Communications should be limited to the aircraft's relevant pre-induction condition, the C-check, the alleged damage, and related repair or damages issues, within a reasonable and defined time period. Tatonduk agrees all communications from 2025 until present would be relevant and reasonable.

5. **Expense and format:** Any remaining production should be permitted electronically where practicable, and Tatonduk should receive protection from significant compliance expense as provided by Rule 45(d)(2)(B)(ii).

Tatonduk respectfully requests that the Court modify the subpoena as set out above, or quash the overbroad portions, and grant any other appropriate relief.

Respectfully submitted,

**SATTERBERG LAW**

BY: /s/ *William R. Satterberg, Jr.*
Alaska Bar No. 7610126
SATTERBERG LAW
709 4th Avenue
Fairbanks, Alaska 99701
Telephone: 907-452-4454
Email: office@satterberg.net
Counsel for Nonparty Tatonduk Outfitters Limited,
d/b/a Everts Air Cargo

Dated: October 12, 2026